Filed
D.C. Superior Court
08/30/2019 14:22PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

|  |  |  |
|---|---|---|
| RONIS E. MENDOZA PEREZ,<br>ALBERT E. TAPIA,<br>CARLOS LIMA JR.,<br>JOSE ABEL ALVARADO SANCHEZ,<br>JUAN F. RUBIO,<br>JOSE ELVARADO,<br>PAZ GARCIA,<br>GERMAN GUARDADO,<br>NOE PAZ SALINAS,<br>NARCISO RAMIREZ,<br>ELIAS REQUENO,<br>EFRAIN MARCIA PORTILLO, and<br>JOSE ANTONIO COREAS<br>c/o Bohn & Battey, PLC<br>2007 N. 15th Street, Ste. 106<br>Arlington, VA 22201 | : | |
|  | : | **CLASS ACTION COMPLAINT** |
| Plaintiffs | : | |
|  | : | |
| v. | : | Case No. |
|  | : | |
| ANCHOR CONSTRUCTION CORP.,<br>2254 25th Place NE<br>Washington, DC 20018 | : | **JURY TRIAL DEMANDED** |
|  | : | |
| Serve: INCORP SERVICES, INC.<br>Registered Agent<br>1090 Vermont Avenue, Suite 910<br>Washington, DC 20005 | : | |
|  | : | |
| FLORINTINO GREGORIO<br>7026 Hector Road<br>McLean, VA 22101 | : | |
|  | : | |
| Defendants | : | |



**EXHIBIT**
B.

Plaintiffs Ronis E. Mendoza Perez, Albert E. Tapia, Carlos Lima Jr., Jose Abel Alvarado Sanchez, Juan F. Rubio, Jose Elvarado, Paz Garcia, German Guardado, Noe Paz Salinas, Narciso Ramirez, Elias Requeno, Efrain Marcia Portillo, and Jose Antonio Coreas, individually and on behalf of all others similarly situated, by counsel, bring this action upon personal knowledge as to themselves and upon information and belief as to other matters, asserting claims under District of Columbia law against their former employers, defendants Anchor Construction Corporation ("Anchor") and its owner and CEO Florintino Gregorio ("Gregorio").

## NATURE OF THE ACTION

1.   This lawsuit seeks to recover straight time and overtime compensation for plaintiffs and their similarly-situated co-workers who are or were employed by defendants as construction workers, carpenters, contractors, loaders of materials, cable pullers, pipe layers, excavator operators, truck drivers, equipment drivers, flaggers, and other jobs related to the construction business in the District of Columbia.

2.   Plaintiffs, former employees of the defendants, bring this action on behalf of themselves and other current and former workers employed by defendants who failed to receive proper straight time and overtime pay in violation of the D.C. Minimum Wage Act, D.C. Code § 32-1001, *et seq.* "DCMWA"), the D.C. Minimum Wage Payment and Collection Law, D.C. Code § 32-1301, *et seq.* ("DCWPCL"), and supporting District of Columbia and Department of Labor regulations (DCMWA, DCWPCL, and supporting D.C. wage regulations collectively "D.C. Wage Laws").

3.   Plaintiffs all shared similar job titles, job skills and/or job responsibilities and were subjected to the same terms and conditions of employment, as well as the same unlawful

actions by defendants, who failed to pay all wages legally due and owing to the plaintiffs in violation of the D.C. Wage Laws.

4.     Plaintiffs bring this action on behalf of themselves and similarly-situated current and former workers employed by defendants who worked in the District of Columbia pursuant to D.C. Super. Ct. R. Civ. P. 23 and D.C. Code § 32-1308, to remedy violations of the D.C. Wage Laws.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to D.C. Code § 11-921.

6.     Personal jurisdiction is proper pursuant to D.C. Code § 13-423 because defendants transact business in the District of Columbia and the corporation's principal office is located here.

## PARTIES

7.     Plaintiffs were workers who were defendants' hourly, non-exempt employees.

8.     Plaintiffs are adult individuals who are residents of Maryland and Virginia.

9.     During their employment with defendants, plaintiffs worked as construction workers, carpenters, contractors, loaders of materials, cable pullers, pipe layers, excavator operators, truck drivers, equipment drivers, flaggers, and other jobs related to the construction business.

10.     Plaintiffs earned, but did not receive, all compensation due for regular time worked (*i.e.* straight time); and, for time and one-half pay for time spent working more than forty (40) hours per work (*i.e.* overtime).

11.     At all times relevant, the plaintiffs worked at job sites mostly in Washington, DC,

with some in Maryland.

12.     At all times relevant, each plaintiff was an "employee" as that term is defined by

DCMWA, § 32-1002.

13.     Defendant Anchor is a District of Columbia corporation, whose headquarters and

principal place of business is 2254 25th Place NE, Washington, DC 20018, with offices in

Maryland at 3005 Washington Blvd., Baltimore, MD 21230 and 2300 Beaver Road, Landover,

MD 20785, and is subject to the personal jurisdiction of this Court.

14.     Upon information and belief, defendant Anchor employs several hundred

employees.

15.     Defendant Gregorio is the principal owner, president and CEO of Anchor, has a

business address of 2254 25th Place NE, Washington, DC 20018, with offices in Maryland; he

conducts business and provides services in the District of Columbia and Maryland, and is subject

to the personal jurisdiction of this Court.

16.     Defendant Gregorio has and at all relevant times had operational control of

Anchor due to the size of his ownership interest in Anchor, and his responsibilities at Anchor.

17.     Defendant Gregorio has and at all relevant times had involvement in managing

employee work schedules or conditions of employment, assisted with the maintenance of

employment records, and had the power to hire and fire plaintiffs or any other employees.

18.     Defendant Gregorio is and at all relevant times was directly responsible for the

hiring, ability to discipline, termination, scheduling, control and payment of wages to plaintiffs

and any other employees.

19.     Defendant Gregorio is and at all relevant times was directly responsible for

controlling which plaintiffs or any other employees would be assigned to specific job sites,

4

determining workers' schedules, monitoring the progress for each job, determining the rate or method of pay, and establishing specific quality standards.

20.     At all times relevant, defendants were an "employer" as that term is defined by DCMWA, § 32-1002.

21.     At all times relevant, defendants in general and specifically, individually and/or collectively, were the "employers" of the plaintiffs and all other similarly situated pursuant to Section 32-1002 of the DCMWA, and Section 32-1301 of the DCWPCL.

22.     At all times relevant, defendants had actual and constructive knowledge of the matters set forth herein regarding the plaintiffs and all others similarly situated.

23.     The unlawful acts charged in this Complaint were committed by defendants and/or their officers, agents, employees, or representatives, while actually engaged in the management of defendants' business affairs and with the defendants' express knowledge and/or authorization.

## CLASS ACTION ALLEGATIONS UNDER THE DCMWA AND DCWPCL

24.     Plaintiffs bring the First Cause of Action, the DCMWA claim, under Super. Ct. Civ. R. 23 and D.C. Code § 32-1308, on behalf of themselves and a class of all similarly-situated workers employed by defendants in the District of Columbia between May 6, 2016 and the date of final judgment in this matter to whom defendants (1) did not pay all wages earned, including overtime wages, and/or (2) did not pay all wages due promptly after resignation or termination (the "DCMWA Class").

25.     Plaintiffs bring the Second Cause of Action, the DCWPCL claims, Super. Ct. Civ. R. 23 and D.C. Code § 32-1308, on behalf of themselves and a class of all similarly-situated workers employed by defendants in the District of Columbia between May 6, 2016 and the date

5

of final judgment in this matter to whom defendants (1) did not pay all wages earned, including overtime wages, at least twice during each calendar month on regular paydays and/or (2) did not pay all wages due promptly after resignation or termination (the "DCWPCL Class").

26.    Excluded from the DCMWA Class and the DCWPCL Class (together, the "D.C. Class") are defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the D.C. Class.

27.    The persons in the D.C. Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of defendants.

28.    Upon information and belief, the size of the D.C. Class is at least 100 workers.

29.    Defendants acted or refused to act on grounds generally applicable to the D.C. Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the D.C. Class as a whole.

30.    The First and Second Causes of Action are properly maintainable as a class action under Super. Ct. Civ. R. 23 and D.C. Code § 32-1308.  There are questions of law and fact common to the D.C. Class that predominate over any questions solely affecting individual members of the D.C. Class, including but not limited to:

A.    whether defendants are subject to the requirements of the D.C. Wage Laws;

6

B.      whether defendants met their obligations under the D.C. Wage Laws to timely pay plaintiffs and the D.C. Class all wages earned, including overtime wages, during their employment;

C.      whether defendants met their obligations under the D.C. Wage Laws to timely pay plaintiffs and the D.C. Class all wages earned, including overtime wages, upon resignation or termination;

D.      whether defendants failed to keep true and accurate time records for all hours worked by plaintiffs and the D.C. Class;

E.      what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records; and

F.      the nature and extent of D.C. Class-wide injury and the appropriate measure of damages for the D.C. Class.

31.     Plaintiffs' claims are typical of the claims of the D.C. Class they seek to represent. Plaintiffs, and the other D.C. Class members, work or worked for defendants and have been subject to its policy and pattern or practice of failing to timely pay for all hours worked in a workweek, including all overtime hours. Defendants acted and refused to act on grounds generally applicable to the D.C. Class, thereby making declaratory relief with respect to the D.C. Class appropriate.

32.     Plaintiffs will fairly and adequately represent and protect the interests of the D.C. Class. Plaintiffs understand that, as a class representative, they assume a fiduciary responsibility to the D.C. Class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the D.C. Class just as they would represent and consider their own interests. Plaintiffs understand that in decisions

7

regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the D.C. Class. Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the D.C. Class. Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

33.     Plaintiffs have retained counsel competent and experienced in class and collective action employment litigation.

34.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. The members of the D.C. Class have been damaged and are entitled to recovery as a result of defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the D.C. Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendants' practices.

35.     This action is properly maintainable as a class action under Super. Ct. Civ. R. 23 and D.C. Code § 32-1308.

## COMMON FACTUAL ALLEGATIONS

36.     Plaintiffs and the members of the D.C. Class have been victims of a common

8

policy and plan perpetrated by defendants that have violated their rights under the D.C. Wage

Laws by denying them overtime pay and timely payment of all wages earned between May 6,

2016 and the date of final judgment in this matter.

37.     Upon information and belief, plaintiffs and the D.C. Class worked more than 40

hours during most weeks in which they worked for defendants.

38.     Defendants failed to pay plaintiffs and the D.C. Class overtime compensation for

hours they worked over 40 in a workweek.

39.     Defendants failed to keep accurate records of the hours that plaintiffs and the D.C.

Class worked.

40.     All of the work that plaintiffs and the D.C. Class have performed was assigned by

defendants, and/or defendants were aware of all of the work that plaintiffs and the D.C. Class

performed.

41.     Plaintiffs and the D.C. Class performed the similar primary job duties.

42.     Plaintiffs' and the D.C. Class's primary job duties were non-exempt duties during

their employment with defendants, working as construction workers, carpenters, contractors,

loaders of materials, cable pullers, pipe layers, excavator operators, truck drivers, equipment

drivers, flaggers and other jobs related to the construction business.

43.     Plaintiffs' and the D.C. Class's primary duties were not directly related to

defendants' or defendants' customers' management or general business operations.

44.     Plaintiffs' and the D.C. Class's primary duties did not include the exercise of

discretion and independent judgment regarding matters of significance.

45.     Plaintiffs' and the D.C. Class's primary duties did not involve the performance of

work requiring advanced knowledge in a field of science or learning acquired through prolonged

course of specialized instruction.

46.     Plaintiffs' and the D.C. Class's primary duty did not involve the performance of work that required a specific educational degree.

47.     As part of their regular business practice, defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the D.C. Wage Laws with respect to plaintiffs and the D.C. Class.  This policy and pattern or practice includes, but is not limited to, willfully failing to timely pay their employees, including plaintiffs and the D.C. Class, overtime wages and all wages earned for straight time hours and for hours that they worked in excess of 40 per week.

48.     Defendants are aware or should have been aware that federal and D.C. law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 hours per week.

49.     Anchor does business as a utility construction contractor working at various sites in the District of Columbia and Maryland, providing various services to electric utilities such as Potomac Electric Power Company.

50.     Upon information and belief, at all times relevant hereto, Anchor's annual gross volume of sales made or business done exceeded $500,000.00.

51.     Defendants employed plaintiffs and members of the D.C. Class to serve as workers in furtherance of Anchor's contracts with electric utility providers.

52.     Defendants employed plaintiffs and members of the D.C. Class from within at least the last three years to the present.

53.     Plaintiffs' and members of the D.C. Class's work sites were in the District of Columbia (most often) or Maryland.

54.    Plaintiffs and members of the D.C. Class regularly worked overtime.

55.    Defendants also did not fully compensate the plaintiffs and members of the D.C. Class for all of the hours that they worked, their paystubs often short-changing their actual hours.

56.    Defendants either did not properly pay overtime to plaintiffs and members of the D.C. Class, and/or paid them straight time for any overtime hours worked beyond forty (40) per week, and/or failed to pay them straight time for all the hours they worked.  As non-exempt employees, they earned, but did not receive, all compensation due for time worked, including overtime for hours in excess of 40 per week.

57.    Thus, the plaintiffs and members of the D.C. Class were not timely and properly paid straight time and/or overtime wages for the hours that they worked.

58.    All of the hours worked by the plaintiffs and members of the D.C. Class during the claimed period were scheduled and authorized by defendants.

59.    At no time did the plaintiffs and members of the D.C. Class perform work that met the definition of "exempt work" under the DCMWA, or DCWPCL.

**COUNT I**
**Violations of the DCMWA:  Unpaid Overtime Wages**
**Against all defendants, jointly and severally**
**On behalf of Plaintiffs and the D.C. Class**

60.    Plaintiffs hereby repeat, re-allege and incorporate all allegations set forth in Paragraphs 1 through 59 of this Complaint as if fully stated herein.

61.    At all times relevant, plaintiffs and the members of the DCMWA Class have been "employees" and defendants have been their "employers" as set forth in the DCMWA, § 32-1002.

62.    Plaintiffs and members of the DCMWA Class are covered by the DCMWA.

63.    Section 32-1003(c) of the DCMWA provides in pertinent part that "[n]o employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives compensation for employment in excess of 40 hours at a rate not less than one-and-one-half times the regular rate at which the employee is employed."

64.    Plaintiffs and members of the DCMWA Class worked mostly in Washington, D.C.

65.    Defendants failed to pay plaintiffs and the members of the DCMWA Class wages to which they were entitled under DCMWA, D.C. Code Ann. § 32-1003(c).

66.    Defendants failed to properly pay plaintiffs and the members of the DCMWA Class for hours worked over 40 in a workweek.

67.    Defendants violated the DCMWA by knowingly failing to compensate plaintiffs and members of the DCMWA Class at the rate of time-and-one-half their regular hourly rate for every hour worked in excess of forty (40) hours in any one work week.

68.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by plaintiffs and the DCMWA Class members.

69.    Defendants' violations of the DCMWA were repeated, willful, intentional, and in bad faith.

70.    Defendants authorized, assented to, were aware, or should have been aware of the herein-described DCMWA violations and the work performed by the plaintiffs and members of the DCMWA Class.

71.    By virtue of his role as Anchor's corporate officer and superior knowledge of Anchor's operations which was or should have been derived from this position, defendant Gregorio directed, authorized, or assented to the work performed by the plaintiffs and members

of the DCMWA Class, and was aware or should have been aware of the DCMWA violations described herein and failed to take action to address or rectify them.

72.   Due to defendants' violations of the DCMWA, plaintiffs and the members of the DCMWA Class are entitled to recover from defendants their unpaid wages, liquidated damages equal to treble the amount of unpaid wages, attorneys' fees and costs of the action, pre-judgment and post-judgment interest, any other such relief, as provided by law.

## COUNT II
### Violations of the DCWPCL:  Failure to Timely Pay All Earned Wages
### Against all defendants, jointly and severally
### On behalf of Plaintiffs and the D.C. Class

73.   Plaintiffs hereby repeat, re-allege and incorporate all allegations set forth in Paragraphs 1 through 72 of this Complaint as if fully stated herein.

74.   At all times relevant, plaintiffs and the members of the DCWPCL Class have been "employees" and defendants have been their "employers" as set forth in the DCWPCL, § 32-1301.

75.   Plaintiffs and the members of the DCWPCL Class are covered by the DCWPCL.

76.   Under § 32-1302 of the DCWPCL, defendants were required to pay plaintiffs and the members of the DCWPCL Class all wages earned for work performed.

77.   Defendants failed to timely pay plaintiffs and the members of the DCWPCL Class all wages earned, as required by DCWPCL, D.C. Code Ann. § 32-1302.

78.   Defendants failed to properly pay plaintiffs and the members of the DCWPCL Class overtime wages for hours worked over 40 in a workweek.

79.   Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by plaintiffs and the members of the DCWPCL Class.

80.   Defendants' violations of the DCWPCL were repeated, willful, intentional, and in

bad faith.

81.     Defendants authorized, assented to, were aware, or should have been aware of the herein-described DCWPCL violations and the work performed by the plaintiffs and the members of the DCWPCL Class.

82.     By virtue of his role as Anchor's corporate officer and superior knowledge of Anchor's operations which was or should have been derived from this position, defendant Gregorio directed, authorized, or assented to the work performed by the plaintiffs and the members of the DCWPCL Class, was aware or should have been aware of the DCWPCL violations described herein, and failed to take action to address or rectify them.

83.     Due to defendants' violations of the DCWPCL, plaintiffs and the members of the DCWPCL Class are entitled to recover from defendants their unpaid wages, liquidated damages equal to treble the amount of unpaid wages, attorneys' fees and costs of the action, pre-judgment and post-judgment interest, any other such relief, as provided by law.

## **Prayer for Relief**

84.     Plaintiffs hereby repeat, re-allege and incorporate all allegations set forth in Paragraphs 1 through 83 of this Complaint as if fully stated herein.

85.     WHEREFORE, plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.     Unpaid straight time, overtime and liquidated damages pursuant to D.C. Code Ann. §§ 32-1301 *et seq.* and D.C. Code Ann. §§ 32-1001 *et seq.*;

B.     An injunction enjoining defendants from violating the foregoing laws and regulations in the future;

C.     Pre-judgment and post-judgment interest;

D.      Attorneys' fees and costs of the action, including expert fees;

E.      Certification of this action as a class action under Super. Ct. Civ. R. 23

and D.C. Code § 32-1308 for the DCMWA Class and DCWPCL Class;

F.      Designations of plaintiffs as Class Representatives;

G.      Payment of service awards to plaintiffs, in recognition of the services they

rendered, and will continue to render, to the DCMWA Class, and DCWPCL Class;

H       A declaratory judgment that the practices complained of herein are

unlawful; and

I.      Such other relief as the Court deems just and proper.


Dated:  August 30, 2019

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by the jury on its claims herein and all issues and claims

so triable in this action.

Respectfully submitted,

RONIS E. MENDOZA PEREZ, *et al.*


  /S/ Geoffrey M. Bohn
BOHN & BATTEY, PLC
Geoffrey M. Bohn (D.C. Bar # 463248)
Robert A. Battey (D.C. Bar #463978)
P.O. Box 101685
Arlington, VA 22210
Tel:    (703) 599-7076
Fax:    (703) 842-8089
gbohn@bohn-battey.com
rbattey@gmx.com

Attorneys for Plaintiffs

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

RONIS E. MENDOZA, et al.,   Case Number: _____

vs                          Date: AUGUST 30, 2019

ANCHOR CONSTRUCTION corp, et al   ☐ One of the defendants is being sued
                                      in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>GEOFFREY M. BOHN | Relationship to Lawsuit |
| Firm Name:<br>BOHN & BATTEY, PLC | ☒ Attorney for Plaintiff |
| Telephone No.:          Six digit Unified Bar No.:<br>703. 599. 7076        463 248 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury       ☒ 6 Person Jury       ☐ 12 Person Jury
Demand: $_____                    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____       Judge:_____       Calendar #:_____

Case No.:_____       Judge:_____       Calendar#:_____

---

NATURE OF SUIT:   *(Check One Box Only)*   WAGE & HOUR - EMPLOYMENT

## A. CONTRACTS

**COLLECTION CASES**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
    Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
    Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
    Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
    Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
    Under $25,000 Consent Denied

## B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

## C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
    Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
    Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE       IF USED

# Information Sheet, Continued

**C. OTHERS**

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 05 Ejectment
☐ 09 Special Writ/Warrants
    (DC Code § 11-941)
☐ 10 Traffic Adjudication
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment

☐ 17 Merit Personnel Act (OEA)
    (D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability

☐ 24 Application to Confirm, Modify,
    Vacate Arbitration Award (DC Code § 16-4401)
☐ 29 Merit Personnel Act (OHR)
☐ 31 Housing Code Regulations
☐ 32 Qui Tam
☐ 33 Whistleblower

**II.**

☐ 03 Change of Name
☐ 06 Foreign Judgment/Domestic
☐ 08 Foreign Judgment/International
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
    Certificate
☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
☐ 27 Petition for Civil Asset Forfeiture (Currency)
☐ 28 Petition for Civil Asset Forfeiture (Other)

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
    Judgment [ D.C. Code §
    2-1802.03 (h) or 32-151 9 (a)]
☐ 20 Master Meter (D.C. Code §
    42-3301, et seq.)

☐ 21 Petition for Subpoena
    [Rule 28-I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27(a)(1)
    (Perpetuate Testimony)
☐ 24 Petition for Structured Settlement
☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 04 Condemnation (Eminent Domain)
☐ 10 Mortgage Foreclosure/Judicial Sale
☐ 11 Petition for Civil Asset Forfeiture (RP)

☐ 08 Quiet Title
☐ 25 Liens: Tax / Water Consent Granted
☐ 30 Liens: Tax / Water Consent Denied
☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

_8/30/2019_
Date

**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

RONIS E. MENDOZA PEREZ, et al.
_____
                                            Plaintiff

                            vs.

                                                           Case Number _____

ANCHOR CONSTRUCTION CORP.
_____
                                            Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Geoffrey M. Bohn
_____              *Clerk of the Court*
Name of Plaintiff's Attorney

BOHN & BATTEY, PLC                          By _____
Address                                                      Deputy Clerk
P.O. Box 101685, Arlington, VA 22210

703.599.7076
_____              Date _____
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오    ʼʼ (202) 879-4828

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

RONIS E. MENDOZA PEREZ, et al.

_____
Demandante

contra

Número de Caso: _____

ANCHOR CONSTRUCTION CORP.
_____
Demandado

**CITATORIO**

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Geoffrey M. Bohn
_____
Nombre del abogado del Demandante

*SECRETARIO DEL TRIBUNAL*

BOHN & BATTEY, PLC
_____
Dirección
P.O. Box 101685, Arlington, VA 22210

Por: _____
                           Subsecretario

703.599.7076
_____
Teléfono

Fecha _____

如需翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

한국어로 번역을 원하시면 (202)879-4828 로 연락하십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

**CIVIL DIVISION**
Civil Actions Branch
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

RONIS E. MENDOZA PEREZ, et al.
_____
                                    Plaintiff

vs.                                                    Case Number _____

FLORINTINO GREGORIO
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Geoffrey M. Bohn
_____                    _Clerk of the Court_
Name of Plaintiff's Attorney

BOHN & BATTEY, PLC                                  By _____
Address                                                    Deputy Clerk
P.O. Box 101685, Arlington, VA 22210

703.599.7076
_____                    Date _____
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오        የአማርኛ ትርጉም ለማግኘት፡ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

RONIS E. MENDOZA PEREZ, et al.
_____
                                    Demandante

             contra

                                                        Número de Caso: _____

FLORINTINO GREGORIO
_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Geoffrey M. Bohn
_____
Nombre del abogado del Demandante                          *SECRETARIO DEL TRIBUNAL*

BOHN & BATTEY, PLC
_____          Por: _____
Dirección                                                            Subsecretario
P.O. Box 101685, Arlington, VA 22210

703.599.7076
_____          Fecha _____
Teléfono

如需翻譯，請打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

한국어로 보시려면 (202) 879-4828 로 전화 하십시오.    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

'V-3110 [Rev. June 2017]                                                                          Super. Ct. Civ. R. 4

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | |
|---|---|
| RONIS E. MENDOZA PEREZ,<br>ALBERT E. TAPIA,<br>CARLOS LIMA JR.,<br>JOSE ABEL ALVARADO SANCHEZ,<br>JUAN F. RUBIO,<br>JOSE ELVARADO,<br>PAZ GARCIA,<br>GERMAN GUARDADO,<br>NOE PAZ SALINAS,<br>NARCISO RAMIREZ,<br>ELIAS REQUENO,<br>EFRAIN MARCIA PORTILLO, and<br>JOSE ANTONIO COREAS<br>c/o Bohn & Battey, PLC<br>2007 N. 15th Street, Ste. 106<br>Arlington, VA 22201 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
|         Plaintiffs | : **CLASS ACTION COMPLAINT** <br> : <br> : |
|         v. | : Case No.   **2019 CA 006118 B** <br> : |
| ANCHOR CONSTRUCTION CORP.,<br>2254 25th Place NE<br>Washington, DC 20018 | : **JURY TRIAL DEMANDED** <br> : <br> : <br> : |
| Serve:  INCORP SERVICES, INC.<br>      Registered Agent<br>      1090 Vermont Avenue, Suite 910<br>      Washington, DC 20005 | : <br> : <br> : <br> : <br> : |
| FLORINTINO GREGORIO<br>7026 Hector Road<br>McLean, VA 22101 | : <br> : <br> : <br> : <br> : |
|         Defendants | : <br> : |

Plaintiffs Ronis E. Mendoza Perez, Albert E. Tapia, Carlos Lima Jr., Jose Abel Alvarado Sanchez, Juan F. Rubio, Jose Elvarado, Paz Garcia, German Guardado, Noe Paz Salinas, Narciso Ramirez, Elias Requeno, Efrain Marcia Portillo, and Jose Antonio Coreas, individually and on behalf of all others similarly situated, by counsel, bring this action upon personal knowledge as to themselves and upon information and belief as to other matters, asserting claims under District of Columbia law against their former employers, defendants Anchor Construction Corporation ("Anchor") and its owner and CEO Florintino Gregorio ("Gregorio").

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover straight time and overtime compensation for plaintiffs and their similarly-situated co-workers who are or were employed by defendants as construction workers, carpenters, contractors, loaders of materials, cable pullers, pipe layers, excavator operators, truck drivers, equipment drivers, flaggers, and other jobs related to the construction business in the District of Columbia.

2.      Plaintiffs, former employees of the defendants, bring this action on behalf of themselves and other current and former workers employed by defendants who failed to receive proper straight time and overtime pay in violation of the D.C. Minimum Wage Act, D.C. Code § 32-1001, *et seq.* "DCMWA"), the D.C. Minimum Wage Payment and Collection Law, D.C. Code § 32-1301, *et seq.* ("DCWPCL"), and supporting District of Columbia and Department of Labor regulations (DCMWA, DCWPCL, and supporting D.C. wage regulations collectively "D.C. Wage Laws").

3.      Plaintiffs all shared similar job titles, job skills and/or job responsibilities and were subjected to the same terms and conditions of employment, as well as the same unlawful

2

actions by defendants, who failed to pay all wages legally due and owing to the plaintiffs in violation of the D.C. Wage Laws.

4.      Plaintiffs bring this action on behalf of themselves and similarly-situated current and former workers employed by defendants who worked in the District of Columbia pursuant to D.C. Super. Ct. R. Civ. P. 23 and D.C. Code § 32-1308, to remedy violations of the D.C. Wage Laws.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to D.C. Code § 11-921.

6.      Personal jurisdiction is proper pursuant to D.C. Code § 13-423 because defendants transact business in the District of Columbia and the corporation's principal office is located here.

## PARTIES

7.      Plaintiffs were workers who were defendants' hourly, non-exempt employees.

8.      Plaintiffs are adult individuals who are residents of Maryland and Virginia.

9.      During their employment with defendants, plaintiffs worked as construction workers, carpenters, contractors, loaders of materials, cable pullers, pipe layers, excavator operators, truck drivers, equipment drivers, flaggers, and other jobs related to the construction business.

10.     Plaintiffs earned, but did not receive, all compensation due for regular time worked (*i.e.* straight time); and, for time and one-half pay for time spent working more than forty (40) hours per work (*i.e.* overtime).

11.     At all times relevant, the plaintiffs worked at job sites mostly in Washington, DC,

with some in Maryland.

12.     At all times relevant, each plaintiff was an "employee" as that term is defined by

DCMWA, § 32-1002.

13.     Defendant Anchor is a District of Columbia corporation, whose headquarters and

principal place of business is 2254 25th Place NE, Washington, DC 20018, with offices in

Maryland at 3005 Washington Blvd., Baltimore, MD 21230 and 2300 Beaver Road, Landover,

MD 20785, and is subject to the personal jurisdiction of this Court.

14.     Upon information and belief, defendant Anchor employs several hundred

employees.

15.     Defendant Gregorio is the principal owner, president and CEO of Anchor, has a

business address of 2254 25th Place NE, Washington, DC 20018, with offices in Maryland; he

conducts business and provides services in the District of Columbia and Maryland, and is subject

to the personal jurisdiction of this Court.

16.     Defendant Gregorio has and at all relevant times had operational control of

Anchor due to the size of his ownership interest in Anchor, and his responsibilities at Anchor.

17.     Defendant Gregorio has and at all relevant times had involvement in managing

employee work schedules or conditions of employment, assisted with the maintenance of

employment records, and had the power to hire and fire plaintiffs or any other employees.

18.     Defendant Gregorio is and at all relevant times was directly responsible for the

hiring, ability to discipline, termination, scheduling, control and payment of wages to plaintiffs

and any other employees.

19.     Defendant Gregorio is and at all relevant times was directly responsible for

controlling which plaintiffs or any other employees would be assigned to specific job sites,

determining workers' schedules, monitoring the progress for each job, determining the rate or method of pay, and establishing specific quality standards.

20.     At all times relevant, defendants were an "employer" as that term is defined by DCMWA, § 32-1002.

21.     At all times relevant, defendants in general and specifically, individually and/or collectively, were the "employers" of the plaintiffs and all other similarly situated pursuant to Section 32-1002 of the DCMWA, and Section 32-1301 of the DCWPCL.

22.     At all times relevant, defendants had actual and constructive knowledge of the matters set forth herein regarding the plaintiffs and all others similarly situated.

23.     The unlawful acts charged in this Complaint were committed by defendants and/or their officers, agents, employees, or representatives, while actually engaged in the management of defendants' business affairs and with the defendants' express knowledge and/or authorization.

## CLASS ACTION ALLEGATIONS UNDER THE DCMWA AND DCWPCL

24.     Plaintiffs bring the First Cause of Action, the DCMWA claim, under Super. Ct. Civ. R. 23 and D.C. Code § 32-1308, on behalf of themselves and a class of all similarly-situated workers employed by defendants in the District of Columbia between May 6, 2016 and the date of final judgment in this matter to whom defendants (1) did not pay all wages earned, including overtime wages, and/or (2) did not pay all wages due promptly after resignation or termination (the "DCMWA Class").

25.     Plaintiffs bring the Second Cause of Action, the DCWPCL claims, Super. Ct. Civ. R. 23 and D.C. Code § 32-1308, on behalf of themselves and a class of all similarly-situated workers employed by defendants in the District of Columbia between May 6, 2016 and the date

5

of final judgment in this matter to whom defendants (1) did not pay all wages earned, including overtime wages, at least twice during each calendar month on regular paydays and/or (2) did not pay all wages due promptly after resignation or termination (the "DCWPCL Class").

26.     Excluded from the DCMWA Class and the DCWPCL Class (together, the "D.C. Class") are defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the D.C. Class.

27.     The persons in the D.C. Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of defendants.

28.     Upon information and belief, the size of the D.C. Class is at least 100 workers.

29.     Defendants acted or refused to act on grounds generally applicable to the D.C. Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the D.C. Class as a whole.

30.     The First and Second Causes of Action are properly maintainable as a class action under Super. Ct. Civ. R. 23 and D.C. Code § 32-1308. There are questions of law and fact common to the D.C. Class that predominate over any questions solely affecting individual members of the D.C. Class, including but not limited to:

A.     whether defendants are subject to the requirements of the D.C. Wage Laws;

6

B.      whether defendants met their obligations under the D.C. Wage Laws to timely pay plaintiffs and the D.C. Class all wages earned, including overtime wages, during their employment;

C.      whether defendants met their obligations under the D.C. Wage Laws to timely pay plaintiffs and the D.C. Class all wages earned, including overtime wages, upon resignation or termination;

D.      whether defendants failed to keep true and accurate time records for all hours worked by plaintiffs and the D.C. Class;

E.      what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records; and

F.      the nature and extent of D.C. Class-wide injury and the appropriate measure of damages for the D.C. Class.

31.     Plaintiffs' claims are typical of the claims of the D.C. Class they seek to represent. Plaintiffs, and the other D.C. Class members, work or worked for defendants and have been subject to its policy and pattern or practice of failing to timely pay for all hours worked in a workweek, including all overtime hours. Defendants acted and refused to act on grounds generally applicable to the D.C. Class, thereby making declaratory relief with respect to the D.C. Class appropriate.

32.     Plaintiffs will fairly and adequately represent and protect the interests of the D.C. Class. Plaintiffs understand that, as a class representative, they assume a fiduciary responsibility to the D.C. Class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the D.C. Class just as they would represent and consider their own interests. Plaintiffs understand that in decisions

7

regarding the conduct of the litigation and its possible settlement, they must not favor their own

interests over those of the D.C. Class. Plaintiffs recognize that any resolution of a class action

lawsuit, including any settlement or dismissal thereof, must be in the best interests of the D.C.

Class. Plaintiffs understand that in order to provide adequate representation, they must remain

informed of developments in the litigation, cooperate with class counsel by providing them with

information and any relevant documentary material in their possession, and testify, if required, in

a deposition and in trial.

33.    Plaintiffs have retained counsel competent and experienced in class and collective

action employment litigation.

34.    A class action is superior to other available methods for the fair and efficient

adjudication of this litigation – particularly in the context of wage litigation like the present

action, where individual plaintiffs may lack the financial resources to vigorously prosecute a

lawsuit against a corporate defendant. The members of the D.C. Class have been damaged and

are entitled to recovery as a result of defendants' common and uniform policies, practices, and

procedures. Although the relative damages suffered by individual members of the D.C. Class are

not *de minimis*, such damages are small compared to the expense and burden of individual

prosecution of this litigation. In addition, class treatment is superior because it will obviate the

need for unduly duplicative litigation that might result in inconsistent judgments about

defendants' practices.

35.    This action is properly maintainable as a class action under Super. Ct. Civ. R. 23

and D.C. Code § 32-1308.

## COMMON FACTUAL ALLEGATIONS

36.    Plaintiffs and the members of the D.C. Class have been victims of a common

8

policy and plan perpetrated by defendants that have violated their rights under the D.C. Wage

Laws by denying them overtime pay and timely payment of all wages earned between May 6,

2016 and the date of final judgment in this matter.

37. Upon information and belief, plaintiffs and the D.C. Class worked more than 40

hours during most weeks in which they worked for defendants.

38. Defendants failed to pay plaintiffs and the D.C. Class overtime compensation for

hours they worked over 40 in a workweek.

39. Defendants failed to keep accurate records of the hours that plaintiffs and the D.C.

Class worked.

40. All of the work that plaintiffs and the D.C. Class have performed was assigned by

defendants, and/or defendants were aware of all of the work that plaintiffs and the D.C. Class

performed.

41. Plaintiffs and the D.C. Class performed the similar primary job duties.

42. Plaintiffs' and the D.C. Class's primary job duties were non-exempt duties during

their employment with defendants, working as construction workers, carpenters, contractors,

loaders of materials, cable pullers, pipe layers, excavator operators, truck drivers, equipment

drivers, flaggers and other jobs related to the construction business.

43. Plaintiffs' and the D.C. Class's primary duties were not directly related to

defendants' or defendants' customers' management or general business operations.

44. Plaintiffs' and the D.C. Class's primary duties did not include the exercise of

discretion and independent judgment regarding matters of significance.

45. Plaintiffs' and the D.C. Class's primary duties did not involve the performance of

work requiring advanced knowledge in a field of science or learning acquired through prolonged

course of specialized instruction.

46.     Plaintiffs' and the D.C. Class's primary duty did not involve the performance of work that required a specific educational degree.

47.     As part of their regular business practice, defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the D.C. Wage Laws with respect to plaintiffs and the D.C. Class. This policy and pattern or practice includes, but is not limited to, willfully failing to timely pay their employees, including plaintiffs and the D.C. Class, overtime wages and all wages earned for straight time hours and for hours that they worked in excess of 40 per week.

48.     Defendants are aware or should have been aware that federal and D.C. law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 hours per week.

49.     Anchor does business as a utility construction contractor working at various sites in the District of Columbia and Maryland, providing various services to electric utilities such as Potomac Electric Power Company.

50.     Upon information and belief, at all times relevant hereto, Anchor's annual gross volume of sales made or business done exceeded $500,000.00.

51.     Defendants employed plaintiffs and members of the D.C. Class to serve as workers in furtherance of Anchor's contracts with electric utility providers.

52.     Defendants employed plaintiffs and members of the D.C. Class from within at least the last three years to the present.

53.     Plaintiffs' and members of the D.C. Class's work sites were in the District of Columbia (most often) or Maryland.

54.    Plaintiffs and members of the D.C. Class regularly worked overtime.

55.    Defendants also did not fully compensate the plaintiffs and members of the D.C. Class for all of the hours that they worked, their paystubs often short-changing their actual hours.

56.    Defendants either did not properly pay overtime to plaintiffs and members of the D.C. Class, and/or paid them straight time for any overtime hours worked beyond forty (40) per week, and/or failed to pay them straight time for all the hours they worked.  As non-exempt employees, they earned, but did not receive, all compensation due for time worked, including overtime for hours in excess of 40 per week.

57.    Thus, the plaintiffs and members of the D.C. Class were not timely and properly paid straight time and/or overtime wages for the hours that they worked.

58.    All of the hours worked by the plaintiffs and members of the D.C. Class during the claimed period were scheduled and authorized by defendants.

59.    At no time did the plaintiffs and members of the D.C. Class perform work that met the definition of "exempt work" under the DCMWA, or DCWPCL.

## COUNT I
### Violations of the DCMWA:  Unpaid Overtime Wages
### Against all defendants, jointly and severally
### On behalf of Plaintiffs and the D.C. Class

60.    Plaintiffs hereby repeat, re-allege and incorporate all allegations set forth in Paragraphs 1 through 59 of this Complaint as if fully stated herein.

61.    At all times relevant, plaintiffs and the members of the DCMWA Class have been "employees" and defendants have been their "employers" as set forth in the DCMWA, § 32-1002.

62.    Plaintiffs and members of the DCMWA Class are covered by the DCMWA.

11

63.     Section 32-1003(c) of the DCMWA provides in pertinent part that "[n]o employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives compensation for employment in excess of 40 hours at a rate not less than one-and-one-half times the regular rate at which the employee is employed."

64.     Plaintiffs and members of the DCMWA Class worked mostly in Washington, D.C.

65.     Defendants failed to pay plaintiffs and the members of the DCMWA Class wages to which they were entitled under DCMWA, D.C. Code Ann. § 32-1003(c).

66.     Defendants failed to properly pay plaintiffs and the members of the DCMWA Class for hours worked over 40 in a workweek.

67.     Defendants violated the DCMWA by knowingly failing to compensate plaintiffs and members of the DCMWA Class at the rate of time-and-one-half their regular hourly rate for every hour worked in excess of forty (40) hours in any one work week.

68.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by plaintiffs and the DCMWA Class members.

69.     Defendants' violations of the DCMWA were repeated, willful, intentional, and in bad faith.

70.     Defendants authorized, assented to, were aware, or should have been aware of the herein-described DCMWA violations and the work performed by the plaintiffs and members of the DCMWA Class.

71.     By virtue of his role as Anchor's corporate officer and superior knowledge of Anchor's operations which was or should have been derived from this position, defendant Gregorio directed, authorized, or assented to the work performed by the plaintiffs and members

12

of the DCMWA Class, and was aware or should have been aware of the DCMWA violations described herein and failed to take action to address or rectify them.

72.     Due to defendants' violations of the DCMWA, plaintiffs and the members of the DCMWA Class are entitled to recover from defendants their unpaid wages, liquidated damages equal to treble the amount of unpaid wages, attorneys' fees and costs of the action, pre-judgment and post-judgment interest, any other such relief, as provided by law.

**COUNT II**
**Violations of the DCWPCL:  Failure to Timely Pay All Earned Wages**
**Against all defendants, jointly and severally**
**On behalf of Plaintiffs and the D.C. Class**

73.     Plaintiffs hereby repeat, re-allege and incorporate all allegations set forth in Paragraphs 1 through 72 of this Complaint as if fully stated herein.

74.     At all times relevant, plaintiffs and the members of the DCWPCL Class have been "employees" and defendants have been their "employers" as set forth in the DCWPCL, § 32-1301.

75.     Plaintiffs and the members of the DCWPCL Class are covered by the DCWPCL.

76.     Under § 32-1302 of the DCWPCL, defendants were required to pay plaintiffs and the members of the DCWPCL Class all wages earned for work performed.

77.     Defendants failed to timely pay plaintiffs and the members of the DCWPCL Class all wages earned, as required by DCWPCL, D.C. Code Ann. § 32-1302.

78.     Defendants failed to properly pay plaintiffs and the members of the DCWPCL Class overtime wages for hours worked over 40 in a workweek.

79.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by plaintiffs and the members of the DCWPCL Class.

80.     Defendants' violations of the DCWPCL were repeated, willful, intentional, and in

13

bad faith.

81.     Defendants authorized, assented to, were aware, or should have been aware of the herein-described DCWPCL violations and the work performed by the plaintiffs and the members of the DCWPCL Class.

82.     By virtue of his role as Anchor's corporate officer and superior knowledge of Anchor's operations which was or should have been derived from this position, defendant Gregorio directed, authorized, or assented to the work performed by the plaintiffs and the members of the DCWPCL Class, was aware or should have been aware of the DCWPCL violations described herein, and failed to take action to address or rectify them.

83.     Due to defendants' violations of the DCWPCL, plaintiffs and the members of the DCWPCL Class are entitled to recover from defendants their unpaid wages, liquidated damages equal to treble the amount of unpaid wages, attorneys' fees and costs of the action, pre-judgment and post-judgment interest, any other such relief, as provided by law.

## Prayer for Relief

84.     Plaintiffs hereby repeat, re-allege and incorporate all allegations set forth in Paragraphs 1 through 83 of this Complaint as if fully stated herein.

85.     WHEREFORE, plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.     Unpaid straight time, overtime and liquidated damages pursuant to D.C. Code Ann. §§ 32-1301 *et seq.* and D.C. Code Ann. §§ 32-1001 *et seq.*;

B.     An injunction enjoining defendants from violating the foregoing laws and regulations in the future;

C.     Pre-judgment and post-judgment interest;

D.     Attorneys' fees and costs of the action, including expert fees;

E.     Certification of this action as a class action under Super. Ct. Civ. R. 23 and D.C. Code § 32-1308 for the DCMWA Class and DCWPCL Class;

F.     Designations of plaintiffs as Class Representatives;

G.     Payment of service awards to plaintiffs, in recognition of the services they rendered, and will continue to render, to the DCMWA Class, and DCWPCL Class;

H     A declaratory judgment that the practices complained of herein are unlawful; and

I.     Such other relief as the Court deems just and proper.

Dated:  August 30, 2019

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by the jury on its claims herein and all issues and claims so triable in this action.

Respectfully submitted,

RONIS E. MENDOZA PEREZ, *et al.*

_/S/ Geoffrey M. Bohn_____
BOHN & BATTEY, PLC
Geoffrey M. Bohn (D.C. Bar # 463248)
Robert A. Battey (D.C. Bar #463978)
P.O. Box 101685
Arlington, VA 22210
Tel:    (703) 599-7076
Fax:    (703) 842-8089
gbohn@bohn-battey.com
rbattey@gmx.com

Attorneys for Plaintiffs

15

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

RONIS E. MENDOZA, et al.   Case Number: 2019 CA 006118 B

vs   Date: AUGUST 30, 2019

ANCHOR CONSTRUCTION CORP, et.   ☐ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* | Relationship to Lawsuit |
|---|---|
| GEOFFREY  M.  BOHN | ☒ Attorney for Plaintiff |
| Firm Name: BOHN & BATTEY, PLC | ☐ Self (Pro Se) |
| Telephone No.: 703. 599, 7076   Six digit Unified Bar No.: 463248 | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury   ☒ 6 Person Jury   ☐ 12 Person Jury

Demand: $_____   Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____   Judge: _____   Calendar #:_____

Case No.:_____   Judge: _____   Calendar#:_____

---

NATURE OF SUIT:   *(Check One Box Only)*   WAGE & HOUR - EMPLOYMENT

## A. CONTRACTS

COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
Under $25,000 Consent Denied

## B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

## C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE   IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  - (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  - (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability

- [ ] 24 Application to Confirm, Modify,
  - Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  - Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  - Judgment [ D.C. Code §
  - 2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
  - 42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  - [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  - (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D. REAL PROPERTY**

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

8/30/2019
_____
Date

**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

RONIS E. MENDOZA PEREZ, et al.
_____
Plaintiff

vs.

Case Number  **2019 CA 006118 B**

ANCHOR CONSTRUCTION CORP.
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Geoffrey M. Bohn
_____
Name of Plaintiff's Attorney

BOHN & BATTEY, PLC                                  By _____

Address
P.O. Box 101685, Arlington, VA 22210

703.599.7076                                        Date        **09/18/2019**

Telephone
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

_Clerk of the Superior Court_

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

RONIS E. MENDOZA PEREZ, et al.
                                                    Demandante

        contra                                                      Número de Caso: _____

ANCHOR CONSTRUCTION CORP.
                                                    Demandado

### CITATORIO

Al susodicho Demandado:

        Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

        A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Geoffrey M. Bohn                                         *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

BOHN & BATTEY, PLC                          Por: _____
Dirección                                                              Subsecretario
P.O. Box 101685, Arlington, VA 22210

703.599.7076                                         Fecha _____
Teléfono

如需翻译，请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

한국어로 통역을 원하시면 (202)879-4828로 연락하십시오     የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

        Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                              Super. Ct. Civ. R. 4

**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

RONIS E. MENDOZA PEREZ, et al.
_____
                                                 Plaintiff

                    vs.
                                                              Case Number    2019 CA 006118 B

FLORINTINO GREGORIO
_____
                                                Defendant

### SUMMONS

To the above named Defendant:

      You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

      You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Geoffrey M. Bohn
_____
Name of Plaintiff's Attorney

BOHN & BATTEY, PLC                           By _____

Address                                                                  Deputy Clerk
P.O. Box 101685, Arlington, VA 22210

703.599.7076                                            Date _____09/18/2019_____

Telephone
如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

      IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

      If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

RONIS E. MENDOZA PEREZ, et al.
_____
                      Demandante

contra

                                          Número de Caso: _____

FLORINTINO GREGORIO
_____
                      Demandado

### CITATORIO

Al susodicho Demandado:

        Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

        A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Geoffrey M. Bohn
_____                          _SECRETARIO DEL TRIBUNAL_
Nombre del abogado del Demandante

BOHN & BATTEY, PLC                   Por: _____
_____
Dirección                                          Subsecretario
P.O. Box 101685, Arlington, VA 22210

703.599.7076
_____                        Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

한국어로 번역을 원하시면 (202) 879-4828로 연락하십시오.    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

        Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pediráyuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

V-3110 [Rev. June 2017]                                                       Super. Ct. Civ. R. 4

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

RONIS E. MENDOZA PEREZ et al
    Vs.                                 C.A. No.      2019 CA 006118 B
ANCHOR CONSTRUCTION CORP. et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                 Chief Judge Robert E. Morin

Case Assigned to: Judge HEIDI M PASICHOW
Date: _September 18, 2019_
Initial Conference: 9:30 am, Friday, December 13, 2019
Location: Courtroom 516
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin