# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RONIS E. MENDOZA PEREZ, *et al.*,

    Plaintiffs,

v.

ANCHOR CONSTRUCTION CORP., *et al.*,

    Defendants.

Civil Action No. 22-0023 (CKK)

## MEMORANDUM OPINION & ORDER
(April 14, 2022)

    Plaintiffs brought this action in the Superior Court of the District of Columbia ("D.C. Superior Court") against their former employer, Anchor Construction Corporation and its owner and CEO Florintino Gregorio ("Defendants"), alleging violations of the D.C. Minimum Wage Act, the D.C. Wage Payment and Collection Law, and associated D.C. regulations. Plaintiffs subsequently sought leave to amend their complaint to add a claim under the federal Fair Labor Standards Act, which the court granted. Defendants then removed this action to federal court based on Plaintiffs' addition of a claim arising under a federal statute.

    Pending before the Court is Plaintiffs' [15] Renewed Motion for Remand. Upon review of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court concludes that Defendants' removal was proper, and therefore **DENIES** Plaintiffs' motion.

---

[1] The Court's consideration has focused on:
- Plaintiffs' Renewed Motion to Remand ("Pls.' 2d Mot. to Remand"), ECF No. 15;
- Defendants' Memorandum of Points & Authorities in Opposition to Plaintiffs' Renewed Motion to Remand ("Defs.' Opp'n"), ECF No. 16;
- Plaintiffs' Reply in Support of their Renewed Motion for Remand ("Pls.' Reply"), ECF No. 18.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. See LCvR 7(f).

I. **BACKGROUND**

Plaintiffs filed their Original Complaint in D.C. Superior Court on August 30, 2019. *See* Orig. Compl., ECF No. 1-3. Plaintiffs' Original Complaint asserts claims arising under the D.C. Minimum Wage Act, the D.C. Wage Payment and Collection Law, and associated D.C. regulations. *See id*. On September 3, 2021, Plaintiffs filed a motion for leave to amend their Complaint to add a claim under the Fair Labor Standards Act, 29 U.S.C. § 8. *See* Pls.' Mot. to Am. Compl. at 1, ECF No. 1-2. The D.C. Superior Court granted Plaintiffs' motion to amend on December 16, 2021 and Plaintiffs served their Amended Complaint on Defendants on the same date. Defs.' Orig. Not. of Removal ¶¶ 4, 6, ECF No. 1.

Within 30 days of that order, on January 5, 2022, Defendants filed their [1] (Original) Notice of Removal in this Court, indicating as the basis for removal Plaintiffs' "addition of the federal statutory claim in the Amended Complaint," such that "Plaintiffs' action now includes a 'claim arising under the Constitution, laws, or treaties of the United States.'" Defs.' Orig. Not. of Removal ¶¶ 5, 11. Defendants also stated that the basis for removal was the Court's "original jurisdiction" because "FSLA is a federal statute, and cases arising under federal statutes fall within the Court's federal question jurisdiction." *Id.* at 1 (citing 28 U.S.C. §§ 1331, 1441).

On January 26, 2022, Plaintiffs filed their [11] (First) Motion to Remand, noting that Defendants' Original Notice of Removal cited 28 U.S.C. § 1446(c), which provides the requirements for removal based on diversity of citizenship of the parties.[2] *See* Pls.' 1st Mot. to Remand at 2 (citing Defs.' Orig. Not. of Removal ¶ 11). Plaintiffs argued that that removal under

---

[2] Although Defendants' Original Notice of Removal cites to 28 U.S.C. § 1446(c) (which provides the requirements for removal based on diversity of citizenship under § 1332(a)), it does so in stating that the Court "has subject-matter jurisdiction over the Plaintiffs' FLSA claims" because "Plaintiffs' action now includes a 'claim arising under the Constitution, laws, or treaties of the United States.'" Defs.' Orig. Not. of Removal ¶ 11.

that provision was time-barred under § 1446(c)(1). *Id.* They also argued that removal on that basis was improper because the parties are not diverse, and the amount in controversy does not exceed $75,000. *Id.* at 3. Plaintiffs, however, did not address Defendants' plain statement in their Original Notice of Removal that "cases arising under [FLSA] fall within the Court's *federal question* jurisdiction." Defs.' Orig. Not. of Removal at 2, ¶ 11.

Defendants subsequently filed a [13] Motion for Leave to Amend Notice of Removal to Correct Typographical Error, in which they indicate that their single citation to § 1446(c) was an inadvertent typographical error, which they sought the Court's leave to correct. Defs.' Mot. to Amend Notice of Removal ¶ 3, ECF No. 13. In their proposed Amended Notice of Removal, Defendants substituted a citation to "28 U.S.C. § 1331" as the basis for the Court's "subject-matter jurisdiction over Plaintiffs' FLSA claims," Defs.' Am. Notice of Removal ¶ 11, ECF No. 13-1, in place of the erroneous citation to § 1446(c) in their Original Notice, Defs.' Orig. Notice of Removal ¶ 11. No other changes were made.

The Court granted Defendants' Motion for Leave to Amend Notice of Removal, agreeing that Defendants' Original Notice of Removal makes clear that their basis for removing this action to federal court is the addition of the FLSA claim, which presents a "federal question." Order at 1–2, ECF No. 14. The Court directed that Defendants' Amended Notice of Removal (ECF No. 13-1) would serve as the operative removal notice. *Id.* at 2. The Court also denied without prejudice Plaintiffs' First Motion to Remand. *See id*.

On February 11, 2022, Plaintiffs filed a [15] Renewed Motion for Remand, in which Plaintiffs again seek to remand the case to D.C. Superior Court. That motion is ripe for the Court's consideration.

## II. LEGAL STANDARD

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."[3] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Upon filing a notice of removal, the defendant "bears the burden of proving that jurisdiction exists in federal court." *Downey v. Ambassador Dev.*, LLC, 568 F. Supp. 2d 28, 30 (D.D.C. 2008). Similarly, "[w]hen a plaintiff seeks to have a case that has been removed to federal court remanded back to state court, the party opposing a motion to remand bears the burden of establishing that subject matter jurisdiction exists in federal court." *Mizell v. SunTrust Bank*, 26 F. Supp. 3d 80, 84 (D.D.C. 2014) (quotation omitted). Courts in this jurisdiction "construe[ ] removal jurisdiction strictly, favoring remand where the propriety of removal is unclear." *Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011).

## III. DISCUSSION

Though somewhat difficult to follow, Plaintiffs' arguments in support of remand appear to hinge on purported deficiencies with Defendants' Original and Amended Notices of Removal, as well as alleged violations of the local civil rules. The Court addresses each of Plaintiffs' arguments in turn, concluding that none compels remand of this action to state court.

Plaintiffs first argue that Defendants' Amended Notice of Removal "fails both for untimeliness and insufficiency." Pls.' 2d Mot. to Remand at 4. Plaintiffs contend that Defendants' Amended Notice of Removal was untimely because it was filed more than 30 days after the D.C. Superior Court granted Plaintiffs' motion to amend their complaint on December 16, 2021. *Id.* at 5 (citing 28 U.S.C. § 1446(b)(3)). However, Plaintiffs disregard that Defendants requested the Court's leave to file their amended notice—and that the Court *granted* Defendants leave to do so

---

[3] The D.C. Superior Court is considered a state court for removal purposes. *See* 28 U.S.C. § 1451(1).

in order to correct a typographical error in a single citation.  *See* Order, ECF No. 14; *Elghannam v. Nat'l Ass'n of Bds. of Pharma*., Case No. 15-cv-1554 (CRC), 2015 WL 13158509, at *2 (D.D.C. Nov. 16, 2015) (rejecting argument that Amended Notice of Removal filed two months after the initial filing of the complaint was untimely because the court granted the defendants leave to amend the notice).  Based on this series of events, the amended removal notice was not untimely.

Plaintiffs further argue that Defendants' Amended Notice of Removal is flawed because Defendants impermissibly attempt to assert "new bases" for removal jurisdiction.  Pls.' 2d Mot. to Remand at 6.  Curiously, they make this argument *after* acknowledging that the Court earlier found that Defendants' Original Notice of Removal "ma[de] clear that the basis for removing this action to federal court is the addition of the FLSA claim, which presents a 'federal question.'"  *Id.* at 5 (quoting Order at 2, ECF No. 14).  The Court, therefore, disagrees with Plaintiffs' characterization that the substitution of a single citation amounts to asserting a "new basis" for removal jurisdiction—where, as here, the Original Notice of Removal explicitly indicated that removal was based on the presence of a federal question (i.e., Plaintiffs' FLSA claim).

Next, Plaintiffs contend that Defendants failed to adequately specify the basis for "removal jurisdiction."  Pls.' 2d Mot. to Remand at 7.  The notice filed by a defendant seeking removal of a state court action to federal court must contain "a short and plain statement of the grounds for removal."  § 1446(a).  Here, both the Original and Amended Notices of Removal plainly indicate that Defendants removed this case due to the Court's  "original jurisdiction" based on 28 U.S.C. § 1331, explaining that the Court has "subject-matter jurisdiction over Plaintiffs' FLSA claim[ ]" which arises "under the Constitution, laws, or treaties of the United States."  Defs.' Orig. Notice of Removal at 2, ¶ 11; Defs.' Am. Notice of Removal at 2,  ¶ 11 (citing 28 U.S.C. § 1331).  Both notices further cite to § 1441(a), Defs.' Orig. Notice of Removal at 2; Defs.' Am. Notice of

Removal at 2, which provides that "any civil action brought in a State court of which the district courts of the United States have *original jurisdiction*, may be removed by the defendant[.]" § 1441(a) (emphasis added).  Plaintiffs, however, argue that Defendants have insufficiently specified the basis for "*removal jurisdiction* (as opposed to asserted original jurisdiction)" because their only citation to § 1441(a) appears in the "preamble" of their removal notices.  *See* Pls.' 2d Mot. to Remand at 7–9.  But Plaintiffs have cited no legal authority requiring the Court to adopt such a hypertechnical view as to Defendants' removal notice.  Defendants' notices make clear that removal was based on Plaintiffs' addition of a FLSA claim, which presents a federal question over which this Court has original jurisdiction—and therefore may be properly removed to federal court.  *See* §§ 1331, 1441(a).

Plaintiffs also argue that Defendants failed to comply with the procedural requirements of § 1446(a), which requires a defendant seeking removal to file the above-described notice in the federal district court, "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  § 1446(a).  Defendants submitted with their Original Notice of Removal the following materials: the D.C. Superior Court's order granting Plaintiffs' Motion to Amend the Complaint, ECF No. 1-2; Plaintiffs' Original Complaint, ECF No. 1-3; the D.C. Superior Court Summons and Information Sheet, ECF No. 1-3; and Plaintiffs' Amended Complaint, ECF No. 1-4.  Based on the subsequently received state court record, ECF No. 17, it appears that these submissions did not constitute "all" materials required by § 1446(a).  However, "the majority of federal courts . . . have held that failure to include documents from the state court record under § 1446(a) is a procedural error that does not require remand[.]"  *Rocha v. Brown & Gould LLP*, 61 F. Supp. 3d 111, 113 (D.D.C. 2014).  Such a *de minimis* error does not compel remand because it has not "cause[d] to prejudice to any party" nor has it "delay[ed] proceedings

in the federal forum." *Id.* at 114.  Moreover, the D.C. Superior Court "automatically transfers a copy of the state court record to the clerk of this Court upon being informed that the removal notice was filed, and that record is promptly scanned and uploaded into the Court's electronic filing system." *Id.*  That process has already been completed in this case.  *See* ECF No. 17. Accordingly, Plaintiffs' argument that Defendants failed to comply with the procedural requirements of § 1446(a) does not require the Court to remand this action.

Finally, Plaintiffs claim that Defendants violated Local Civil Rule 7(m) in their motion seeking to amend their removal notice.  Local Rule 7(m) directs that "before filing any nondispositive motion," counsel shall "discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought[.]"  LCvR 7(m). The motion must then include a statement that "the required discussion occurred, and a statement as to whether the motion is opposed."  *Id.*  Plaintiffs indicate that, before filing the Motion for Leave to Amend their Notice of Removal, Defendants' counsel contacted Plaintiffs' counsel by email regarding their position on the motion, did not wait for Plaintiffs' counsel's response, and then indicated in their motion "Plaintiffs' counsel refused to consent to the relief sought."  Pls.' 2d Mot. to Remand at 3 (quoting Defs.' Mot. to Am. Not. at 7).  Plaintiffs argue that based on this "deliberate falsehood," the Court should "den[y] without prejudice" Defendants' Motion for Leave (which the Court previously granted) and "remand to state court." *Id.* at 4.  Defendants respond that earlier communications between the parties had indicated that Plaintiffs would not consent to Defendants' efforts to amend their notice of removal and that they had appropriately contacted Plaintiffs to seek their consent to that motion, but "presumed" Plaintiffs would not consent unless they "wrote back otherwise."  Defs.' Opp'n at 5–6.  Although both parties could certainly be clearer in their communications with opposing counsel, the Court disagrees with Plaintiffs'

7

characterization of Defendant's Rule 7(m) certification as a "deliberate falsehood," and finds no reason to remand this case based on such claims.

## IV.     CONCLUSION & ORDER

For the foregoing reasons, the Court concludes that Defendants properly removed this action to federal court.  Accordingly, it is this 14th day of April 2022 **ORDERED** that Plaintiffs' [15] Motion to Remand to State Court is **DENIED**.

**SO ORDERED**.

                                                           /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge